```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

NATIONWIDE LIFE INSURANCE COMPANY,

           Plaintiff,

vs.                              Case No. 2:12-cv-687-FtM-29DNF

ESTATE OF JAMES D. LLEWELLYN, SR.,
DEBRA LLEWELLYN, JAMES D. LLEWELLYN,
JR., and KARI LLEWELLYN CREECH,

           Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #14) filed on June 5, 2013. Plaintiff filed a Response (Doc. #18) on June 19, 2013. For the reasons set forth below, the motion is denied.

**I.**

On May 29, 2013, plaintiff Nationwide Life Insurance Company (Nationwide) filed a one-count Amended Complaint (Doc. #13) against defendants Estate of James D. Llewellyn, Sr., Debra Llewellyn, James D. Llewellyn, Jr., and Kari Llewellyn Creech seeking a declaratory judgment. Plaintiff alleges that: (1) Nationwide issued a life insurance policy to James D. Llewellyn, Sr. (insured) on November 18, 2010 for $3,000,000, (id., ¶¶ 12, 14); (2) Debra Llewellyn, James D. Llewellyn, Jr., and Kari Llewellyn Creech were listed as the primary beneficiaries, (id., ¶ 15); (3) the life insurance policy includes a provision that the "Death Benefit Proceeds" will not be paid if the insured commits suicide within

two years from the policy date, (id., ¶ 16); (4) the insured passed away on October 6, 2011, (id., ¶ 17); (5) following the death of the insured, the named beneficiaries each submitted claim forms to plaintiff, (id., ¶ 18); and (6) the death certificate and autopsy findings state that the manner of death was suicide, (id., ¶¶ 22, 23). Plaintiff requests that the Court issue a judgment declaring: (1) the policy date of the life insurance policy is November 18, 2010; (2) the insured committed suicide on October 6, 2011; (3) the insured's suicide occurred within two years from the policy date; (4) the defendants have no rights under the life insurance policy; and (5) should the Court determine that insured's death was not the result of a suicide, that the Court allow plaintiff to interplead the "Death Benefit Proceeds." (Id., ¶ 31.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Defendants contend that the Amended Complaint fails to state a cause of action because plaintiff fails "to describe any ambiguities or discrepancies in the interpretation of the Nationwide Contract." (Doc. #14, p. 3.) Plaintiff responds that

it has adequately pled the existence of an "actual controversy." (Doc. #18.)

The Declaratory Judgment Act states that "[i]n a case of actual controversy" a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). An "actual controversy" requires a "definite and concrete" controversy. Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co., 607 F.3d 1268, 1275 n.14 (11th Cir. 2010)(citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)). The Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. "As a result, the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions. . . ." Thomas v. Blue Cross and Blue Shield Ass'n, 594 F.3d 823, 830 (11th Cir. 2010)(citation and internal quotation marks omitted).

Federal jurisdiction for this declaratory judgment action is based on diversity jurisdiction, and therefore state law applies to any issue not governed by the Constitution or treaties of the United States or Acts of Congress. Mid-Continent Cas. Co. v. American Pride Bldg. Co., LLC, 601 F.3d 1143, 1148 (11th Cir. 2010)(citations omitted). Here, Florida law applies. (Doc. #13-1, pp. 3, 14.) "In determining the sufficiency of a complaint for

declaratory judgment, the question is whether the plaintiff is entitled to a declaration of rights, not whether the plaintiff will prevail in obtaining the decree he or she seeks." Smith v. City of Fort Myers, 898 So. 2d 1177, 1178 (Fla. 2d DCA 2005)(citation omitted).  While at one time under Florida law the existence of unresolved facts would bar declaratory relief, the Florida Supreme Court receded from that line of cases in 2004.  The Florida Supreme Court held that "an insurer may pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 12 (Fla. 2004).

The Court finds that Count I of the Amended Complaint alleges sufficient facts to establish that a real and immediate actual, continuing controversy exists.  Plaintiff's obligation to pay the Death Benefit Proceeds to the defendants depends on a determination of whether the insured committed suicide.  Therefore, the motion to dismiss will be denied.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss (Doc. #14) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 23rd day of October, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

Copies: Counsel of record